# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS SIMMONS,<br><br>    Petitioner,<br><br>    v.<br><br>RAFAEL ZUNIGA,<br><br>    Respondent. | Case No.  1:15-cv-00355-GSA-HC<br><br>ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

## I.

## BACKGROUND

Petitioner is presently incarcerated at the Federal Correctional Institution in Mendota, California.  In the instant petition filed on February 27, 2015, Petitioner challenges his 2010 conviction and sentence in United States District Court for the District of South Carolina for possession of crack/cocaine base with the intent to distribute.  (Pet., ECF No. 1).  It appears that Petitioner was sentenced under the Controlled Substances Act.  (Pet. at 2-4).

/ /

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983)=; In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. See Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted). Therefore, the proper vehicle for challenging a

1  conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.

2  Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65.  The Ninth Circuit has recognized that it is a very narrow exception.  See Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as amended), cert. denied, 540 U.S. 1051 (2003).  The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred.  See Aronson v. May, 85 S.Ct. 3, 5 (1964) (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (holding that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956).

The Ninth Circuit has acknowledged that petitioners may proceed under Section 2241 pursuant to the "savings clause," when the petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1059-60 (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)); see also Stephens, 464 F.3d at 898.  In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.

Ivy, 328 F.3d at 1060.  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner's only ground for relief in the instant petition is that because he did not receive any jail time for his prior offense, his prior offense did not qualify as a predicate offense for purposes of the Controlled Substance Act. (ECF No. 1 at 3).

Petitioner cites United States v. Jason Edward Simmons, 649 F.3d 237 (4th Cir. 2011) as

1 his reason for filing a Section 2241 petition, and the Court notes that Simmons cites and relies on the United States Supreme Court case of Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577 (2010). Therefore, liberally construing the petition, the Court will evaluate whether Petitioner should not be sentenced pursuant to the Controlled Substances Act because Carachurri-Rosendo altered the requirements for calculating the requisite qualifying prior convictions for the Controlled Substances Act. The reasoning of Carachuri-Rosendo is clearly a direct challenge to Petitioner's conviction, not to the execution of his sentence. Indeed, Petitioner concedes as much in his Petition. (ECF No. 1 at 1). Therefore, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by the United States District Court for the District of South Carolina, rather than an error in the administration and execution of his sentence. Thus, the appropriate procedure would be to file a motion pursuant to § 2255 in the District of South Carolina, and not a § 2241 petition in this Court.

However, Petitioner may argue that § 2255 is inadequate and ineffective for gaining relief, because he did not have an opportunity to raise his Carachuri-Rosendo claim in his § 2255 petition. The decision in Carachuri-Rosendo was issued on June 14, 2010, prior to the Petitioner's August 12, 2010, sentence date. (ECF No. 1 at 3). Therefore, Petitioner had the opportunity to raise his challenge under Carachuri-Rosendo in his direct appeal and in a § 2255 motion. Thus, Petitioner cannot avail himself of the savings clause.

Furthermore, Petitioner has failed to demonstrate that his claims qualify under the "savings clause" of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 "savings clause" is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

The standards announced by the various circuit courts for an "actual innocence" claim

contain two basic features: actual innocence and retroactivity. E.g., Reyes–Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

Petitioner's only argument in support of his innocence claim is the holding in Carachuri-Rosendo. In Carachuri-Rosendo, the Supreme Court addressed the applicability of a state's recidivist law to the aggravated felony determination in an immigration context. However, Carachuri-Rosendo is not relevant to the issue of whether Petitioner is actually innocent of the crime for which he has been convicted, which is the standard for a claim to qualify under the savings clause. See Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). The Ninth Circuit has not held that a petitioner's claim that he is innocent of the sentence qualifies for the savings clause, and therefore, Petitioner cannot avail himself of the savings clause. See Marrero, 682 F.3d at 1194-95. Moreover, because Carachuri-Rosendo is presently inapplicable to cases that are on collateral review, such as the present case, Petitioner is unable to avail himself of the savings clause.

Motions pursuant to § 2255 must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-65. Because this Court is only the custodial court and construes the Petition as a §2255 motion, this Court lacks jurisdiction over the Petition. Hernandez, 204 F.3d at 864-65. In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.

### III.

### CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds the Petitioner's § 2241 petition is merely a "disguised § 2255 petition. See Porter v. Adams, 244 F.3d 1006, 1006-07 (9th Cir. 2001) (holding that petitioners need a Certificate of Appealability to appeal from the denial of a Section 2241 petition that is merely a disguised Section 2255 petition). The Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## IV.

## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The Petition for Writ of Habeas Corpus be DISMISSED as the petition does not allege cognizable grounds for relief in a petition filed pursuant to 28 U.S.C. § 2241;

2. The Clerk of Court be DIRECTED to close the case; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 6, 2015**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE